IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RUPERTO ALANIS,** | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| v. | § | |
| | § | SA-08-CV-0001 OG (NN) |
| **BEXAR COUNTY,** | § | |
| **RALPH LOPEZ,** former Sheriff | § | |
| of Bexar County, and | § | |
| **ROLAND R. TAFOLLA,** Sheriff | § | |
| of Bexar County, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION ON MOTION TO DISMISS**

**TO:**   Honorable Orlando Garcia
         United States District Judge

This memorandum and recommendation addresses the motion to dismiss filed by defendants Bexar County and Sheriff Roland Tafolla.[1] I have jurisdiction to enter this memorandum and recommendation under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for disposition by order or to aid the district court by recommendation where my authority as a magistrate judge is statutorily constrained.[2] After considering the motion, I recommend dismissing claims against Sheriff Tafolla and former Sheriff Ralph Lopez.

Plaintiff Ruperto Alanis brought this case against Bexar County, Sheriff Tafolla, and former Sheriff Lopez, alleging violations of civil rights based on an excessive use of force and a

---

[1]Docket entry # 3.

[2]Docket entry # 12.

failure to provide adequate medical care, and state-law claims for assault and battery.[3]  Alanis sued former Sheriff Lopez because he was the sheriff at the time of Alanis's alleged injury.[4]  In the motion to dismiss, the defendants advanced the following arguments about why Alanis's claims should be dismissed: (1) no basis exists for suing Sheriff Tafolla in his official capacity, (2) no basis exists for Alanis's claim for inadequate medical care, (3) no basis exits for liability for the failure to monitor inmates using video cameras, and (4) Alanis's state law claims are barred by governmental immunity.  Since that time, Alanis asked to amend his complaint to address the issues raised by the defendants' motion.[5]  The district judge granted the request and ordered the filing of Alanis's amended complaint.[6]

The amended complaint deleted the claim for inadequate medical care, clarified Alanis's allegations concerning the use of video cameras, and deleted the state law claims.[7]  Although it did not address the defendants' first argument—that no basis exists for suing Sheriff Tafolla in his official capacity—the amended complaint effectively mooted all other arguments in the defendants' motion.  Because Alanis's complaint does not expressly indicate whether he is suing Sheriff Tafolla in his individual or official capacity, I directed Alanis to file a supplemental response addressing whether he is suing Sheriff Tafolla in his individual or official capacity.[8]

---

[3]Docket entry # 1.

[4]Docket entry # 10, ¶ 10.

[5]Docket entry # 7.

[6]Docket entry # 9.

[7]*See* docket entry #s 8 & 10.

[8]Docket entry # 13.

Alanis filed a supplemental response and stated that he is suing Sheriff Tafolla in his official capacity.[9] Alanis, however, may not sue Sheriff Tafolla in his official capacity. In *Kentucky v. Graham*, the Supreme Court explained that "a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself."[10] Alanis has named the government entity—Bexar County—as a defendant; thus, Alanis is looking to the government entity itself. Consequently, neither Sheriff Tafolla nor former Sheriff Lopez are proper defendants under *Graham* and claims against them should be dismissed.

### Recommendations

For the reasons discussed above, I recommend granting the defendants' motion to dismiss (docket entry # 3) and dismissing claims against Sheriff Tafolla and former Sheriff Lopez. I recommend denying the defendants' other arguments as moot.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this memorandum and recommendation on all parties who have entered an appearance, by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this memorandum and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[11] **Such party shall file the objections with the Clerk of the Court, and serve the objections on**

---

[9] Docket entry # 14.

[10] *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

[11] 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

**all other parties and the magistrate judge.** A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[12] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[13]

    **SIGNED** on May 19, 2008.

*(signature)*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[12] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[13] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).